UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

SUSAN CHANA LASK,

                **Plaintiff,**

-against-

RICK BELL and LAURA BELL,

                **Defendants.**

Case No. 19-CV-766 (KMK)

**PROPOSED DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS**

------------------------------------------------------------

      Before the Court is Plaintiff Susan Chana Lask's ("Plaintiff") Order to Show Cause for a Permanent Injunction and Default Judgment against Defendants Rick Bell and Laura Bell ("Defendants"). For the reasons stated below, and good cause having been shown,* judgment by default is hereby entered against Defendants pursuant to Local Rule 55.2 (b) and Federal Rule of Civil Procedure 55(b), and a Permanent Injunction is granted.

## I. BACKGROUND

1. On January 25, 2019, Plaintiff Susan Chana Lask ("Plaintiff") commenced this Action and simultaneously moved for an emergency Temporary Restraining Order ("TRO"), Domain Name Transfer Order, Order Permitting Service by Electronic Mail, and an Order To Show Cause for a Preliminary Injunction (the "Motion")(Dkt. Nos. 1, 3).

2. On January 28, 2019, the Court granted Plaintiff's Motion and entered the TRO (Dkt. No. 6). Pursuant to the TRO, Defendants were served by electronic mail on January 30, 2019, and Plaintiff filed proof of service on February 5, 2019 (Dkt. No. 8).

3. On February 11, 2019, this Court issued a preliminary injunction against Defendants Rick Bell and Laura Bell ("Defendants") (Dkt. No. 11).

4. On February 11, 2019, this Court issued a Preliminary Injunction (Dkt. 11) listing conditions a to i that Defendants and their agents were preliminarily enjoined from:

    a. Using the name "Susan Chana Lask" or any reproduction, counterfeit, copy or colorable imitation of such for and in connection with any goods, services or packaging;





*Defendants failed to appear at the conference scheduled for 3/10/20 at 3:15 pm.

1

    b. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of the name "Susan Chana Lask";

    c. Using any false description or representation, including words or other symbols, tending falsely to describe or represent that Defendant's use of the name "Susan Chana Lask" is authorized, sponsored by or associated with Plaintiff;

    d. Engaging in acts that constitute dilution, false designation of origin, cybersquatting, or unfair competition under the laws of the United States and the State of New York and that would damage or injure Plaintiff's business reputation or damage or dilute the value of Plaintiff's name "Susan Chana Lask";

    e. Using, linking, transferring selling, exercising control over, or otherwise owning the infringing domain name or any other domain name that incorporates the name "Susan Chana Lask";

    f. Creating, operating, owning, overseeing, or otherwise exercising control over any website, web page or parked page embedding, incorporating, including, or otherwise displaying the name "Susan Chana Lask", or any version of it in promotional, advertising, pay per click or any other campaign;

    g. Processing any payments for or otherwise providing any online services relating to the name "Susan Chana Lask" or taking any payment from pay per click advertising on the web page, or any web page, containing such; and

    h. Effecting any assignment or transfer, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any the prohibitions set forth in this Order.

    i. Making any statement or representation whatsoever, or using any false designation or false description, or performing any act, which is or may likely to lead the trade or public, or individual members thereof, to believe that any services, products or items sold or manufactured by or connected to and with Defendants are in any manner associated or connected with the Plaintiff, or are approved or authorized by Plaintiff.

5. The Preliminary Injunction further ordered that it remained in effect until a permanent injunction is ordered.

6. On February 27, 2019, the court uploaded a letter, dated February 22, 2019, from Defendants (Dkt. 12). Defendants' letter acknowledged service of the Preliminary Injunction and states on page two thereof that "we agree to honor all instruction in your

preliminary injunction (sic)..." On pages four to five of that letter, the Defendants list each condition of the Preliminary Injunction and beneath each condition they state that they agree to each condition. At page five of their letter, Defendants conclude that "Defendants agree to the conditions of paragraphs a through I inclusive (sic)."

7. There has not been an answer or appearance from Defendants, other than their February 27, 2019 letter to the court agreeing that they will abide by the terms of the Preliminary Injunction, which notified them that it could become a Permanent Injunction.

8. On February 28, 2019, the Clerk of this Court issued a Clerk's Certificate of Default (Dkt. 16). That Certificate of Default remains valid to date.

9. On January 10, 2020, Plaintiff filed her (a) Order to Show Cause for Default Judgment and a Permanent Injunction Against Defendants and a proposed Order (b) a statement of damages, (c) declaration affirming i) why default judgment is appropriate, ii) whether default judgment can be ordered on liability and/or damages prior to resolution of the entire action, iii) the proposed damages and each element thereof and (iv) legal authority why an inquest is unnecessary, (d) copies of all pleadings, (e) the affidavit of service of the summons and complaint and (f) the Clerk's Certificate that no answer has been filed.

## II. COMPLAINT ALLEGATIONS AND SUPPORTING EVIDENCE

10. The Complaint sought nine causes of action, including Count Three for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125 ("ACPA") and Count Eight for a Permanent Injunction.

11. The February 11, 2019 Preliminary Injunction made the following findings, (listed as 1-7 and repeated numerically below):

1. Plaintiff has demonstrated likelihood of success on the merits on her claim that Defendant registered and used a website address in Plaintiff's name, "Susan Chana Lask.com," in connection with a web page that generated money from pay per click advertisements on that page in violation of the Anti-cybersquatting Consumer Protection Act.

2. Defendant did the foregoing by using an anonymous registration, refused to respond to cease and desist notices and insisted on hiding its identity to continue its conduct through an anonymous registration service through NameCheap.

3. Defendant's conduct and caused and will continue to cause irreparable injury to the Plaintiff absent a preliminary injunction (sic).

4. The harm to the Plaintiff resulting from denial of a preliminary injunction would outweigh any harm to Defendant's legitimate interests from granting such an order, as Plaintiff has demonstrated that Defendant has no legitimate interest in the conduct complained of in this action.

5. Entry of an order other than a preliminary injunction would not adequately achieve the purposes of the anti-cybersquatting statute to preserve Plaintiff's equitable and monetary remedies to protect her name.

6. On February 6, 2019, Plaintiff appeared before the court and provided it a February 5, 2019 letter from NameCheap's counsel, Bradley O. Cebeci of Rome Associates in Los Angeles, California, affirming that they served Defendant the TRO and all related documents on January 30, 2019 pursuant to the mandates of the TRO and affirming that "Namecheap hereby agrees to honor and abide by any Order of the Court involving the Domain or Defendant that may be issued in connection with this action."

### III. DEFAULT JUDGMENT AS TO COUNTS THREE AND EIGHT IS PROPER

12. Local Civil Rule 55.2(b) and Federal Rule of Civil Procedure 55(b) authorize Plaintiff to seek, and the Court to enter, default judgment against a party who has failed to plead or otherwise defend an action.

13. The Court possesses jurisdiction over this action pursuant to 15 U.S.C. §1121, including over the ACPA claims of 15 U.S.C. §1125 (Compl. ¶ 8), and venue properly lies with this Court pursuant to 28 U.S.C. §1391 (Compl. ¶¶ 9-12)

14. The record reveals that Defendants default was willful. They were served and refused to appear. Rather, they sent the court a letter dated February 22, 2019 confirming that they consent to all of the injunctions listed in a-i of the February 11, 2019 Preliminary Injunction.

15. Under Local Rule 55.2(b) and Federal Rule of Civil Procedure 55(b), the Court takes as true the allegations of the Complaint.

16. As the Court previously made findings in its February 11, 2019 Preliminary Injunction with respect to Count Three for ACPA violations, and Plaintiff's declaration filed with her Order to Show Cause for a default judgment is limited to Counts Three and Eight for Cybersquatting and a permanent injunction, respectively, then the Court hereby enters default judgment against Defendants on Count Three for Cybersquatting pursuant

to Local Civil Rule 55.2(b) and Federal Rule of Civil Procedure 55(b), and orders the relief set forth below, which includes Count Eight Injunctive relief.

### IV. RELIEF GRANTED

17. ***IT IS HEREBY ORDERED*** According to Plaintiff's Bill of Costs filed with her Order to Show Cause for Default Judgment, pursuant to the ACPA, Plaintiff is granted statutory damages of $10,000.00, and $400.00 costs pursuant to Local Rule 54.1(c)(10), and that shall be a judgment for a total of $10,400.00 against Defendants, ~~to be paid on or before _____, 2020~~.

18. ***IT IS HEREBY FURTHER ORDERED*** that the February 11, 2019 Preliminary Injunction is converted to a Permanent Injunction and that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are PERMANENTLY ENJOINED from infringing upon the name "Susan Chana Lask" or Plaintiff's rights therein, or using or exploiting such, including by:

   a. Using the name "Susan Chana Lask" or any reproduction, counterfeit, copy or colorable imitation of such for and in connection with any goods, services or packaging;

   b. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of the name "Susan Chana Lask";

   c. Using any false description or representation, including words or other symbols, tending falsely to describe or represent that Defendant's use of the name "Susan Chana Lask" is authorized, sponsored by or associated with Plaintiff;

   d. Engaging in acts that constitute dilution, false designation of origin, cybersquatting, or unfair competition under the laws of the United States and the State of New York and that would damage or injure Plaintiff's business reputation or damage or dilute the value of Plaintiff's name "Susan Chana Lask";

   e. Using, linking, transferring selling, exercising control over, or otherwise owning the infringing domain name or any other domain name that incorporates the name "Susan Chana Lask";

 f. Creating, operating, owning, overseeing, or otherwise exercising control over any website, web page or parked page embedding, incorporating, including, or otherwise displaying the name "Susan Chana Lask", or any version of it in promotional, advertising, pay per click or any other campaign;

 g. Processing any payments for or otherwise providing any online services relating to the name "Susan Chana Lask" or taking any payment from pay per click advertising on the web page, or any web page, containing such; and

 h. Effecting any assignment or transfer, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any the prohibitions set forth in this Order.

 i. Making any statement or representation whatsoever, or using any false designation or false description, or performing any act, which is or may likely to lead the trade or public, or individual members thereof, to believe that any services, products or items sold or manufactured by or connected to and with Defendants are in any manner associated or connected with the Plaintiff, or are approved or authorized by Plaintiff.

19. ***IT IS HEREBY FURTHER ORDERED*** that Plaintiff may complete service of this order the same way she completed service of the TRO and Preliminary Injunction on Defendants by electronic mail to tryendeavor@gmail.com. Plaintiff has demonstrated that completing service of process to this email address will provide adequate notice to the Defendants pursuant to FED. R. Civ. P. 4.

20. This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action.

*   *   *

There being no just reason for delay, the Clerk of the Court is hereby instructed to enter this Order and Judgment by Default Against Defendants Rick Bell and Laura Bell forthwith and without further notice, and to close this case

SO ORDERED, this 10th day of March, 2020.

Hon. Kenneth M. Karas
United States District Judge

6